# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECOLAB INC. and ECOLAB USA INC.,    ) | |
|                                     ) | C.A. No: 21-567-RGA |
|         Plaintiffs,                 ) | |
|                                     ) | |
| v.                                  ) | **JURY TRIAL DEMANDED** |
|                                     ) | |
| DUBOIS CHEMICALS, INC.,              ) | **PUBLIC VERSION** |
|                                     ) | |
|         Defendant.                  ) | |

## **ECOLAB'S LETTER BRIEF IN SUPPORT OF ITS MOTION TO COMPEL**

OF COUNSEL:

Rachel Zimmerman Scobie
Eric R. Chad
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com

Dated: April 21, 2022

Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Dorronda R. Bordley (#6642)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com
bordley@rlf.com

*Attorneys for Plaintiffs Ecolab Inc. and Ecolab USA Inc.*

Dear Judge Andrews:

This case involves claims for patent infringement of method claims directed to application of silicone-containing dry conveyor lubricants and claims for breach of contract due to DuBois' violations of a settlement agreement entered to resolve a prior dispute over the same. (D.I. 1 at 24-82.) The present discovery conference has been requested to address DuBois' inadequate and obstructionist discovery conduct.

Ecolab served its first sets of written discovery requests on October 27, 2021. Since receiving DuBois' initial responses, Ecolab has engaged in significant meet and confer efforts in an attempt to obtain complete responses to its interrogatories and document requests and has been patient in awaiting DuBois' promised supplementations. However, significant deficiencies remain.

While DuBois asserts that its production of documents is substantially complete, it has produced only 382 documents to date. The vast majority of the pages of DuBois' production are documents DuBois was obliged to produce under the Court's Scheduling Order or records of Patent Office proceedings DuBois cites in support of its claim construction positions. Of the few emails produced, only two appear to have come from a source other than outside counsel's inbox. And DuBois has produced service or activity reports—documents generated as standard industry practice—for less than 15% of its customers for the Accused Products. It is not possible that DuBois' production is complete.

Beyond Ecolab's concerns about the adequacy of DuBois' efforts to search for and produce responsive documents generally, the follow specific issues are ripe for determination.

**I.    The Court should compel DuBois to remove improper redactions.**

DuBois routinely applied, and refuses to remove, so-called relevancy redactions to the few documents it has produced in this case. In the absence of an assertion of privilege, "a party may not redact information that it unilaterally deems sensitive, embarrassing, or irrelevant." *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, No. 13-218-RGA, 2016 WL720977, at *6 (D. Del. Feb. 23, 2016) (holding that a party may not "redact information, which [it] deem[s] irrelevant, from otherwise relevant documents[.]"). The DuBois redactions that Ecolab has challenged are not addressed to preserving any privilege and are improper, particularly in view of the protective order that serves to safeguard DuBois' confidential information in this case. As shown in the example below, DuBois' redactions obscure important context and render the documents difficult to understand or use:



The Hon. Richard J. Andrews
April 21, 2022
Page 2

(Ex. 1.) DuBois has applied similar, copious redactions to many of the documents it has produced. Because DuBois does not argue that the redactions at issue are based on claims of privilege, the redactions are improper. The Court should compel re-production of the improperly redacted documents in unredacted form.

**II. The Court should compel DuBois to produce the requested documents concerning the equipment used to apply the Accused Products.**

Ecolab sought production of "[a]ll documents that illustrate or describe any equipment and running parameters to apply the Accused Products to a conveyor," and "[a]ll documents concerning to the installation, modification, upgrade, update, or change of any equipment used to dispense the Accused Products . . . ." (Ex. 2 at Req. Nos. 11 & 32.) DuBois has only agreed to produce illustrative documents and a general description of the equipment it deems relevant. (Ex. 3 at 2.) This is insufficient.

The patent claims asserted in this case are method claims that relate to methods of application of silicone-containing dry lubricants to conveyors.[1] The equipment and systems employed by DuBois and its customers to apply the accused lubricants (to the extent that information is within DuBois' possession, custody, or control) are central to the infringement question. The contract claims are closely related, and address *inter alia* DuBois' compliance with obligations to inspect the methods of application at its customers' facilities. (D.I. 1 ¶¶ 24-82.) Because of the nature of the asserted claims, the equipment used to apply the accused lubricant products and DuBois' knowledge with respect to the same are two of the central liability questions in this case. Determining the extent of DuBois infringement and breach requires knowing on an installation-by-installation basis what specific equipment is being used and how it is set up. That DuBois only wants to disclose some of the information is not surprising, but the Federal Rules do not support its effort to obscure or minimize the extent of its infringement and breach.

DuBois has not articulated any specific burden associated with searching for and producing the requested documents. Boilerplate objections of undue burden absent an articulation of the alleged burden cannot support withholding the requested documents. *Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982). DuBois should be required to comply with the full scope of Ecolab's requests and produce all documents within DuBois' custody or control relating to the equipment used to apply the Accused Products.

**III. DuBois should be required to answer the full scope of Interrogatory No. 5.**

Ecolab's Interrogatory No. 5 requests identification and a description of

> each sale or offer for sale of an Accused Product from April 23, 2015, to the present[, including] for each sale or offer for sale: the customer's name, the

---

[1] The claims address, for example, what part of the conveyor or container the lubricant is applied to, ratios of on to off time for the lubricant application, dilution of the lubricant, what pressure is used in applying the lubricant, what coefficient of friction between the bottles and the conveyor is achieved during lubricant use, use of high pressure, use of compressed air, use of sonication, and what sort of materials must be used to clean the lubricant from the conveyor after use.

The Hon. Richard J. Andrews
April 21, 2022
Page 3

>products sold or offered to said customer, the dates of each sale or offer for sale, the location to which the products were shipped, all verbal or written instructions provided to said customer concerning the use of each product, and the structure and operation of the equipment used to apply each product.

(Ex. 4 at Interrog. No. 5.)

In response, DuBois has offered a handful of boilerplate objections and invoked Rule 33(d) of the Federal Rules of Civil Procedure, identifying a document bearing bates number DCI0000707 as containing "information sufficient to provide additional information requested in this Interrogatory[.]" (*Id.* at Answer to Interrog. No. 5.) DuBois has provided no other substantive Answer and insists that it has answered Interrogatory No. 5 completely "based on the information it has to date." (Ex. 3 at 2.) DCI0000707 is a Microsoft Excel file with spreadsheets identifying DuBois' customers for the Accused Products and annual summaries of sales of each Accused Product by customer. It otherwise lacks any of the information sought by Interrogatory No. 5, such as dates of each sale, shipment locations, instructions provided to each customer, and the equipment used to apply each Accused Product. The verbal or written instructions provided to each customer concerning the use of the products and the structure and operation of the equipment used to apply the products are highly relevant for largely the same reasons discussed above. DuBois has asserted no valid objection to responding to the full scope of Interrogatory No. 5. DuBois should be compelled to do so.

**IV.     The Court should compel DuBois to timely comply with Ecolab's inspection request.**

In an effort to investigate DuBois' implausible assertion that it has no further documents responsive to Ecolab's document requests, Ecolab noticed a 30(b)(6) deposition to explore the issue (which is being taken the same day this letter is being submitted) and served a request for inspection of DuBois' facilities under Rule 34. (*See* Ex. 5.) Ecolab, to develop a better understanding of the processes through which DuBois manufactures the Accused Products and prepares them for sale, also requested an inspection of facilities in which these processes are carried out. (*Id.*) DuBois has objected to, and refused to permit, inspection of its recordkeeping facilities, and refused to permit any inspection to occur prior to the May discovery conference. DuBois has asserted that it needs until mid-June to "prepare" for the inspection, the request for which was duly served under Rule 34 on March 3, 2022.

DuBois, whose objections are otherwise boilerplate, states this case "has nothing to do with" its recordkeeping facilities. (*Id.* at 12.) Given the deficiencies with DuBois' document production, this is clearly not the case. Ecolab should not be forced to accept DuBois' implausible representations that it has no additional documents to produce on their face. *See, e.g.*, *Addison v. Monarch Assocs., Inc.*, No. 14-00358, 2016 WL 11530424, at *1 (C.D. Cal. Nov. 10, 2016) (compelling inspection and find that "Addison should not be forced to accept Quist's representations on their face."). DuBois' objections should be overruled. Moreover, Ecolab should not be required to wait until mid-June to conduct an inspection it originally requested in early March, but should be permitted to conduct the requested inspections promptly so that discovery may continue.

The Hon. Richard J. Andrews
April 21, 2022
Page 4

                                                 Respectfully Submitted,

                                                 */s/ Kelly E/ Farnan*

                                               Kelly E. Farnan (#4395)

cc: All Counsel of Record (by e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

| **BY ELECTRONIC MAIL** | **BY ELECTRONIC MAIL** |
|---|---|
| James M. Lennon | Ann G. Schoen |
| Devlin Law Firm LLC | Alexander S. Czanik |
| 1526 Gilpin Avenue | Frost Brown Todd LLC |
| Wilmington, DE 19806 | Great American Tower |
|  | 301 East Fourth Street, Suite 3300 |
|  | Cincinnati, OH 45202 |

  */s/ Kelly E. Farnan*
  Kelly E. Farnan (#4395)
  farnan@rlf.com

RLF1 27236814v.1