**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ECOLAB INC. and ECOLAB USA INC.,

Plaintiffs,

v.                                                              Civil Action No. 21-567-RGA

DUBOIS CHEMICALS, INC.,

Defendant.

## MEMORANDUM ORDER

Plaintiffs move to dismiss Defendant's second counterclaim, breach of the implied duty of good faith and fair dealing, and to strike Defendant's third affirmative defense, invalidity of the Asserted Patents. (D.I. 17). I have considered the parties' briefing. (D.I. 18, 20, 23).

### I.        Background

In November 2018, Ecolab brought claims of patent infringement and breach of contract against International Chemical Corporation ("ICC"). (D.I. 10 ¶ 9). In late 2019, while that suit was still pending, DuBois purchased certain assets of ICC. (*Id.* ¶ 12). Ecolab moved to join DuBois as a party to the 2018 litigation with ICC, and DuBois and Ecolab subsequently ended that litigation by entering into a Settlement Agreement (D.I. 1-1 Ex. A) effective March 24, 2020. (*Id.*).

Ecolab brought the instant suit against DuBois on April 23, 2021, alleging infringement of the '257, '381, and '215 patents ("the Asserted Patents"), as well as breach of the Settlement Agreement by "failing to take the steps required by the Settlement Agreement, despite numerous extensions, and by continuing to provide dry lubricant to customers applying the lubricant to conveyors in a prohibited manner." (D.I. 1 ¶¶ 24-76, 79-80). In its answer, DuBois asserts a

1

counterclaim for the breach of the implied duty of good faith and fair dealing, and an affirmative defense of invalidity of the patents. (D.I. 10 at 25, 31-32). Plaintiff now moves to dismiss that counterclaim and to strike that affirmative defense. (D.I. 17).

## II.    Analysis

### A.  Breach of Duty of Good Faith and Fair Dealing

DuBois alleges Ecolab breached the implied duty of good faith and fair dealing by refusing to disclose which of DuBois's customers it contends have infringed the patents, "unreasonably demand[ing] DuBois cease sales of its lubricating products to its customers, even those customers that have fully complied with the brush mandate," and bringing suit on the basis of DuBois's "immaterial" breaches of the Settlement Agreement. (D.I. 10 at 30-31).

Ecolab moves to dismiss this counterclaim under Rule 12(b)(6), arguing it fails as a matter of law because all the conduct DuBois alleges in support of its claim is expressly contemplated and permitted by the Settlement Agreement. (D.I. l8 at 5).

The implied covenant of good faith and fair dealing "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005) (cleaned up). "Existing contract terms control, however, such that implied good faith cannot be used to circumvent the parties' bargain, or to create a free-floating duty unattached to the underlying legal document," and, "one generally cannot base a claim for breach of the implied covenant on conduct authorized by the terms of the agreement." *Id.* at 441 (cleaned up). "Only when it is clear from the writing that the contracting parties would have agreed to proscribe the act later complained of had they thought to negotiate

2

with respect to the matter may a party invoke the covenant's protections." *Id.* at 442. In practice, as here, parties frequently allege a breach of this duty as though it were a "free-floating duty." It consequently leads to a disproportionate amount of preliminary litigation as it is rarely a viable theory.

The Settlement Agreement's "Covenant Not to Sue" provision states, "Ecolab will not assert any claim against DuBois for infringement of the Ecolab Patents as long as DuBois is in compliance with the terms of this Agreement." (D.I. 1-1 Ex. A at § 6). In its Complaint, Ecolab specifically alleges multiple instances of DuBois's non-compliance with the Settlement Agreement. (D.I. 1 ¶¶ 17-20, 79-80 (alleging DuBois failed to make timely requests for extensions as required by the Settlement Agreement, failed to complete tasks required by the Settlement Agreement, and continued to supply product to customers to apply dry lubricants in a manner that violates the Settlement Agreement and infringes Ecolab's patents)).

DuBois's response is essentially that Ecolab's allegations relating to DuBois's failure to comply with deadlines set out in the Settlement Agreement are not "material" and the more material allegations of customer non-compliance are made "unilateral[ly]," and "not in good faith." (D.I. 10 ¶ 31-32; D.I. 20 at 6-7).

I am not persuaded by DuBois's arguments. The Settlement Agreement addresses the issue of when Ecolab may sue. Thus, there is no need for an implied covenant.

DuBois alleges, Ecolab has "unreasonably demanded that DuBois cease sales of its lubricating products to its customers, even those customers that have fully complied with the brush mandate." (D.I. 10 ¶ 30). DuBois does not explain, however, how such a request is "arbitrary or unreasonable" in light of Ecolab's allegations of infringement by DuBois's customers, nor how it

harms DuBois, as DuBois has not alleged that it has stopped sales to any of its customers. Therefore, I do not find this allegation is sufficient to plausibly support a claim of breach of the implied duty of good faith and fair dealing.

DuBois's final allegation in support of its counterclaim is that Ecolab refuses to tell DuBois which of DuBois's customers are non-compliant. I agree with Ecolab, however, that under the express terms of the Settlement Agreement, such notification by Ecolab is optional. The Settlement Agreement provides, "If Ecolab identifies any alleged instances of non-compliance with the Guidance by a customer or distributor of DuBois Dry Lube," "Ecolab may send a notice to" DuBois. (D.I. 1-1 Ex. A at § 3.3). The Agreement then gives Ecolab the option to have its outside counsel conduct an inspection of DuBois' records "after such notification, and a reasonable opportunity for DuBois to respond," but makes clear, "This inspection option is without waiver of Ecolab's right to pursue its concerns in any other manner, including without limitation through the filing of suit, subject to the terms of this Agreement." (*Id.*). Therefore, Ecolab's decision to bring this suit to address its concerns about DuBois's noncompliance rather than avail itself of the optional notification and inspection process is expressly contemplated by the Settlement Agreement and thus insufficient to plausibly support a claim of breach of the implied duty of good faith and fair dealing.

For these reasons, Ecolab's motion to dismiss DuBois's counterclaim is GRANTED.

### B. Invalidity

DuBois asserts invalidity of the Asserted Patents as an affirmative defense. (D.I. 10 at 25). Ecolab moves to strike this defense, as the "No Challenge" provision in Section 9 of the Settlement

Agreement unambiguously bars DuBois from challenging the validity of the Asserted Patents.[1] (D.I. 18 at 10; D.I. 1-1 Ex. A at § 9 ("DuBois admits that U.S. Pat. Nos. 7,741,257, 7,745,381, and 8,058,215 ('the Three Patents') are valid and enforceable in all respects. DuBois will not challenge, or participate in any action contesting, the validity or enforceability of the Three Patents.")). DuBois responds that it asserts its invalidity defense as "a contingent defense," because, if Ecolab is in material breach of the Settlement Agreement, DuBois would no longer be bound by its No Challenge provision. (D.I. 20 at 8-9).

A court may strike an affirmative defense where its insufficiency is "clearly apparent." *O'Gara v. Countrywide Home Loans, Inc.*, 2010 WL 3070211, at *1 (D. Del. July 30, 2010). Here, the insufficiency of DuBois's defense of invalidity is clearly apparent. After dismissal of DuBois's claim of breach of the implied duty of good faith and fair dealing, DuBois has no justification for asserting a defense clearly barred by the Settlement Agreement.

I agree with Ecolab that it would be prejudiced by the cost and burden of discovery on a defense that is, at this time, clearly barred. Therefore, I will GRANT its motion to strike the affirmative defense of invalidity, without prejudice.

## III.    Conclusion

For the reasons stated above, Ecolab's motion (D.I.17) to dismiss DuBois's second counterclaim and strike DuBois's third affirmative defense is GRANTED.

IT IS SO ORDERED.

Entered this 12th day of May, 2022.

/s/ Richard G. Andrews
United States District Judge

---

[1]    Ecolab also moves to strike this defense on the basis of res judicata. I do not need to decide that.