IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECOLAB INC. and ECOLAB USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> DUBOIS CHEMICALS, INC., <br><br> Defendant. | Civil Action No. 21-567-RGA |

MEMORANDUM ORDER

Before me is the issue of claim construction of multiple terms in U.S. Patent No. 7,741,257 ("the '257 Patent"), U.S. Patent No. 7,745,381 ("the '381 Patent"), and U.S. Patent No. 8,058,215 ("the '215 Patent"). The parties submitted a Joint Claim Construction Brief (D.I. 68) and I held oral argument on May 23, 2022.

At oral argument, I construed the term "non-energized nozzle" to mean, "a nozzle that does not require pressure greater than 80 psi, compressed air, or sonication." I also construed the term "about" to mean, "the range of numbers that a person of ordinary skill in the art would consider equivalent to the recited value (*i.e.*, having the same function or result), and in many instances includes numbers rounded to the nearest significant figure," in accordance with the inventors' express definition of the term provided in all three patents' specifications. ('257 Patent 2:58-63; '381 Patent 5:42-47; '215 Patent 2:62-67).

1

The remaining terms for construction are "applying," "spraying," and "spray-applying."[1] The parties' proposed constructions for each of these terms is given in the chart below.

| Term | Plaintiffs' Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| applying<br><br>'257 Patent cl. 41<br>'381 Patent cl. 1 | "depositing a thin film" | "creating a fine jet of liquid broken into droplets in an intended pattern as defined by a nozzle" |
| spraying<br><br>'381 Patent cl. 10 | "discharging a fine jet of liquid from a pressurized container or system" | plain and ordinary meaning, no additional construction needed |
| spray-applying<br><br>'215 patent, cl. 1 | "depositing a thin film deposited by a fine jet of liquid discharged from a pressurized container or system" | "creating a fine jet of liquid broken into droplets in an intended pattern as defined by a nozzle" |

At oral argument, the parties agreed, and I now hold, that the terms "spraying" and "spray-applying" should be construed synonymously, according to their plain and ordinary meaning. That is, "spraying" should be given its plain and ordinary meaning, and "spray-applying" should be construed as "applying via spraying."

The final disputed term, "applying," involves two disputes. First, Ecolab argues the term should be construed as, "depositing a thin film," whereas DuBois objects to this "thin film" limitation. Second, DuBois argues the term should be construed synonymously with "spraying" and "spray-applying." Ecolab disagrees. I will address each dispute in turn.

---

[1] The parties agree that "spray-applied," a term for which the parties originally sought construction, should be construed as, "the pasttense of spray-applying."

2

In support of its proposed construction, Ecolab points to examples in the Asserted Patents' specifications where the inventors describe the lubricant composition being deposited on the conveyor or container surface as a thin film or layer. (*See* D.I. 68 at 31-32 (citing '257 Patent 6:51-54 ("Application of the lubricant composition can be carried out using any suitable technique . . . for application of a thin film."); '381 Patent 14:59-61 ("The methods of the present invention provide a thin layer of lubricant at the interface between package and conveyor surfaces"); '215 Patent 6:53-56 ("Application of the lubricant composition can be carried out using any suitable technique . . . for application of a thin film."))). I find, however, that the language Ecolab cites from the patents' specifications merely describes preferred embodiments of the invention and should not be interpreted as limiting the scope of the claims, especially where the term 'applying' "has a clear and well-defined meaning." *See Comark Comm. Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998) (citing *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1433 (Fed. Cir. 1988) (stating that the specification can supply the understanding of unclear terms but should never trump the clear meaning of the claim terms)).

For this same reason, I also do not agree with DuBois's proposal that "applying" should be construed as being synonymous with "spraying." Both "applying" and "spraying" have clear, well-defined meanings. The plain meaning of "applying" is broader than the plain meaning of "spraying," and DuBois has not identified any convincing evidence in the patents' claims, specifications or prosecution histories that necessitates limiting the broad plain meaning of "applying." (*See* D.I. 68 at 34-36). The passages DuBois cites from the specifications, discussing (1) how lubricant can be "applied" via "spraying," and (2) the spray patterns created by the nozzles

3

used in the comparative examples, describe preferred embodiments and should not be interpreted as limiting. (*See, e.g., id.* at 34 (citing '381 patent 5:3-5, 12:22-29, 14:16-20, 16:41-50, 17:40-54)).

As a practical matter, the meaning of the term "applying" in the context of the Asserted Claims is limited by the fact that the application of the lubricant must be "through non-energized nozzles," as opposed to, *e.g.*, via brushing or wiping. ('257 Patent Cl. 41; '381 Patent Cl. 1). Because this limitation comes from the surrounding claim language, however, I find that reading it into the construction of the term "applying" would be redundant. Therefore, I hold that the term "applying" should be given its plain and ordinary meaning.

IT IS SO ORDERED.

Entered this 27 day of May, 2022.

_____
United States District Judge