# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) ) | **PUBLIC VERSION** |
| DUBOIS CHEMICALS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## BRIEFING ON PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DUBOIS' UNTIMELY MITIGATION DEFENSE

**Plaintiffs' Motion *in Limine* to Exclude Evidence, Testimony, and Argument Relating to DuBois' Untimely Mitigation Defense**

**Defendant's Opposition to Plaintiffs' Motion *in Limine* to Exclude Evidence, Testimony, and Argument Relating to DuBois' Untimely Mitigation Defense**

**Plaintiffs Reply in Support of its Motion *in Limine* to Exclude Evidence, Testimony, and Argument Relating to DuBois' Untimely Mitigation Defense**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) | **PUBLIC VERSION** |
| DUBOIS CHEMICALS, INC., | ) ) ) | |
| Defendant. | ) ) | |

### PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DUBOIS' UNTIMELY MITIGATION DEFENSE

OF COUNSEL:
Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese Mayer
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
Merchant & Gould P.C.
800 South Gay Street
Suite 2150
Knoxville, TN 37929
(612) 332-5300
eharwood@merchantgould.com

Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

*Attorneys for Plaintiffs*
*Ecolab Inc. and Ecolab USA Inc.*

Dated: September 18, 2023

On September 4, 2023, DuBois indicated that it intends to pursue at trial, as a defense to Ecolab's breach of contract claim, an argument that Ecolab failed to mitigate damages. This was the first time DuBois put such a defense at issue in this case. For the reasons set forth herein, Ecolab respectfully requests that the Court exclude evidence, testimony, and argument relating to DuBois' untimely mitigation defense.

I.      **FACTUAL BACKGROUND**

DuBois answered Ecolab's complaint on August 9, 2021. (D.I. 10.) That Answer included three affirmative defenses. (*Id.* at p. 25.) None of those affirmative defenses alleged that Ecolab had failed to mitigate damages. (*Id.*) Thereafter, the parties engaged in fact discovery for nearly 14 months. During that period, DuBois served numerous sets of responses and supplemental responses to discovery requests propounded by Ecolab. None stated or alleged that Ecolab had failed to mitigate damages. (Ex. 1 at ¶ 3.) The February 28, 2022 deadline to request leave to amend or supplement the pleadings (D.I. 14 at 1) passed without DuBois seeking leave to amend its Answer to add a mitigation Defense.[1] DuBois served the report of its damages expert, Christopher Gerardi, on March 7, 2023. The report did not state or allege that Ecolab failed to mitigate its damages. (Ex. 1 at ¶ 4.) DuBois filed three briefs in connection with the parties' summary judgment and *Daubert* motions. (D.I. 172, 184, 195.) None of these stated or alleged that Ecolab failed to mitigate its damages. (Ex. 1 at ¶ 5.) It was not until September 4, 2023, in connection with the exchange of pretrial documents, that DuBois first suggested an intent to assert a mitigation defense to Ecolab's breach of contract claims. (Ex. 2 ¶¶ 12-15.)[2] As explained herein,

---

[1] Because this deadline has passed, DuBois would now need to show good cause for such an amendment, which means it would have to show that it could not have reasonably met the February 28, 2022 deadline despite its diligence.

[2] The only reference DuBois makes to connect its new defense to anything that has happened in this case before is a citation to paragraph 29 of its Answer to Complaint and Counterclaims. (Ex. 2

1

this disclosure, coming more than eight months after the close of fact discovery and less than two months before trial, is simply too late. DuBois should not be permitted to pursue this new affirmative defense.

## II. ARGUMENT

Under Delaware law, failure to mitigate damages is an affirmative defense that defendant has the burden of both pleading and proving. *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 298-99 (3d Cir. 2014) (collecting cases); *Richardson v. Christiana Care Health Servs., Inc.*, No. N-18C-10-026 JRJ, 2021 WL 2566736, at *7 (Del. Super. Ct. June 21, 2021). Generally, affirmative defenses must be pled in a defendant's answer to avoid waiver. *Daiichi Pharm. Co. v. Apotex Inc.*, No. 03-937, 2005 U.S. Dist. LEXIS 26059, at *5 (D.N.J. Nov. 1, 2005); *see also Parkell v. Senato*, No. 14-446-LPS, 2019 WL 1435883, at *7 (D. Del. Mar. 31, 2019); *Jones v. Gardels*, No. 02-307-JJF, 2006 WL 37039, at *3 (D. Del. Jan. 6, 2006); *Richardson*, 2021 WL 2566736, at *7. Where a plaintiff has been prejudiced by a failure to timely raise an affirmative defense, such a defense is waived. *Jones*, 2006 WL 37039, at *3 ("Because Defendant failed to raise the defense before the close of discovery, the Court concludes that Plaintiff would be prejudiced by allowing [the Defendant] to do so."); *see also In re Frescati Shipping Co., Ltd.*, 886 F.3d 291, 313-14 (3d Cir. 2018); *Daiichi*, 2005 U.S. Dist. LEXIS 26059, at *6. The inability of a plaintiff to take discovery regarding an unpled affirmative defense is an important factor to consider in determining whether the defense has been waived. *Jones*, 2006 WL 37039, at *3; *Daiichi*, 2005 U.S. LEXIS 26059, at *14-15.

---

¶ 14; D.I. 10 Countercl. ¶ 29.) That paragraph of DuBois' counterclaim, however, relates to DuBois' claim of breach of duty of good faith and fair dealing, which the Court has dismissed. (D.I. 84 at 4.)

2

By raising this new mitigation defense at the eleventh hour, DuBois has deprived Ecolab of the ability to develop a response to the defense during fact or expert discovery and has deprived the Court of any opportunity to determine whether the defense has sufficient merit to warrant presentation to the jury. The purpose of fact discovery and dispositive motions is to limit and properly frame the issues for trial. DuBois' belated attempt to raise this defense thwarts that purpose. Here, DuBois did not raise the defense until after discovery had closed, after expert reports had been exchanged, and after the parties had fully briefed their summary judgment and *Daubert* motions. Ecolab has been deprived of the opportunity to probe the bases of DuBois' untimely defense through interrogatories, requests for production, or deposition questions. Ecolab has also been deprived of any ability to have its experts opine on DuBois' untimely defense and of the opportunity to request that the Court dispose of it on a motion to dismiss or motion for summary judgment.

It would be unfair to require Ecolab to address DuBois' new defense without the ability to take related discovery or seek expert opinions regarding the defense. With less than two months to trial, it would also be inappropriate to reopen discovery to permit Ecolab to develop a response to DuBois' defense and delay a determination on the merits. DuBois simply waited too long to disclose its defense, resulting in waiver thereof.

### III.   CONCLUSION

For the foregoing reasons, Ecolab respectfully requests that the Court exclude all evidence, testimony, and argument relating to DuBois' untimely mitigation defense.

Dated: September 18, 2023

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

OF COUNSEL:

Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese S. Mayer
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
eharwood@merchantgould.com

*Attorneys for Plaintiffs Ecolab Inc. and Ecolab USA Inc.*

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) |
| | ) |
| Plaintiffs, | ) C.A. No: 1:21-CV-00567-RGA |
| | ) |
| v. | ) |
| | ) |
| DUBOIS CHEMICALS, INC., | ) |
| | ) |
| Defendant. | ) |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S MITIGATION DEFENSE

Plaintiff seeks to exclude evidence, testimony, and argument relating to DuBois' mitigation defense. DuBois respectfully requests that the Court include evidence, testimony, and argument relating to DuBois' mitigation defense or have the case proceed on the claims or theories timely disclosed in the case because (1) Ecolab's motion *in limine* ("MIL") was brought for improper purpose of excluding DuBois' argument and characterization of admitted evidence; (2) the Court has discretion to amend pleadings to conform to evidence; (3) Ecolab is not prejudiced by this defense; and (4) if Ecolab is allowed to bring to trial claims that were not pled in the Complaint, DuBois' mitigation defense should also be allowed.

***First,*** Ecolab's MIL was brought for an improper purpose. Motions *in limine* are intended to bar evidence and not to exclude argument or characterization of evidence. *See, e.g.*, *Dyson Tech. Ltd. v. Maytag Corp.*, C.A. No. 05-434 (GMS), 2009 U.S. Dist. LEXIS 55267, at *4 n.1 (D. Del. May 25, 2009) ("Motions *in limine* should be utilized to exclude evidence, not to argue for judgment as a matter of law."); *see also Summit Towers Condo. Ass'n v. QBE Ins. Corp.*, No. 11-60601-CIV-SEITZ/SIMONTON, 2012 U.S. Dist. LEXIS 191855, at *1 (S.D. Fla. May 7, 2012) (denying a MIL to prevent an argument because "[MILs] . . . are about evidence, not argument.").

Here, Ecolab's MIL is aimed not to exclude evidence but to prevent DuBois from exploring what the evidence proves. Ecolab will most likely offer at trial evidence of alleged non-compliance by DuBois or its customers, namely the bottling facilities, observed by Ecolab's representatives. Indeed, in its Fourth Supplemental Responses and Objections to DuBois' Interrogatory No. 7 (D.I. 196-3), Ecolab has already admitted that its personnel observed alleged non-compliance at several customers. Because Ecolab failed to report those alleged instances of non-compliance to DuBois or its customers, the same evidence is relevant to the issue of mitigation, and DuBois should be allowed to explore Ecolab's failure to mitigate during cross-examination.

1

***Second***, Ecolab argues that DuBois failed to raise this affirmative defense earlier. However, "[t]he Court has the power to amend pleadings to conform to the proof at trial and the pretrial order supersedes the pleadings." *Wright v. Elton Corp.*, No. 17-286-JFB, 2022 U.S. Dist. LEXIS 67213, at *13 (D. Del. Apr. 12, 2022) (denying the motion *in limine* to exclude evidence related to claims not pleaded) (internal quotation marks omitted); *see also Accent Films, B.V. v. Universal City Studios*, No. 92-55286, No. 92-55343, 1994 U.S. App. LEXIS 10349, at *2 (9th Cir. Apr. 28, 1994) ("[I]nclusion of mitigation of damages in the pretrial order has the effect of amending the pleadings."). Accordingly, if Ecolab presents evidence of alleged non-compliance at trial and the Court allows DuBois to amend pleadings to conform to that evidence, the pretrial order will supersede the pleadings.

***Third***, Ecolab argues that it had no notice of this affirmative defense and was deprived of opportunity to take discovery or seek expert opinion. However, under Delaware contract law, "[a] party has a general duty to mitigate damages if it is feasible to do so." *NorKei Ventures, LLC v. Butler-Gordon, Inc.*, No. 07C-04-623 JAP, 2008 Del. Super. LEXIS 324, at *4 (Super. Ct. Aug. 28, 2008); *see also, e.g.*, *Duncan v. TheraTx, Inc.*, 775 A.2d 1019, 1026 n.23 (Del. 2001).

Here, Ecolab knew or should have known that its obligation to mitigate arose at the time of DuBois' alleged breach. Ecolab filed its Complaint, including a claim for DuBois' breach of Section 3.2 of the Settlement Agreement, in April 2021, thus it knew or should have known about this obligation for at least two and a half years. (*See* D.I. 1, ¶¶ 77-82.) To clarify, DuBois does not deny that it has the burden to prove that Ecolab failed to mitigate damages. However, Ecolab does not need to take discovery on this issue from DuBois or third parties because Ecolab alone knows whether it took any steps to mitigate its alleged damages. Nor will DuBois oppose Ecolab's expert testifying on the issue of mitigation.

***Fourth***, should the Court allow Ecolab to advance late claims and theories that were not timely raised, DuBois respectfully requests that it be allowed to do the same with mitigation of damages. Conversely, should the Court deny Ecolab's attempts to advance late claims and theories that were not timely raised, DuBois is content with the same for mitigation of damages.

Ecolab has introduced at least three types of untimely claims. To begin, Ecolab untimely raised joint and divided theories of direct infringement. Specifically, in DuBois' Memorandum in Support of Its Fed. R. Civ. P. 12(c), Summary Judgment, and *Daubert* Motions, DuBois requested that the Court dismiss Ecolab's claim of direct infringement by DuBois under Fed. R. Civ. P. 12(c). (D.I. 172 at 3-6.) Recognizing that it failed to sufficiently plead a claim for direct infringement against DuBois, Ecolab asserted for the first time in its Opposition Brief that DuBois should be liable under a theory of joint infringement because, among other things, DuBois allegedly controlled its customers. (D.I. 186 at 6-8.)

Additionally, Ecolab attempts to include alleged breaches of the Settlement Agreement for which Ecolab's own damages expert did not attribute any damages caused by those breaches. (*See* DuBois MIL#2.) Further, spray bottles were not identified as a potentially infringing method of application in the Complaint (D.I. 1), Ecolab's infringement contentions (D.I. 196-2, Ex. WW), or its claim construction submissions (D.I. 68-70). (*See* DuBois Opposition to Ecolab's MIL on Undisclosed Non-infringement Positions.) DuBois has had no opportunity to probe the bases of Ecolab's new and untimely claims and theories through interrogatories, requests for production, or deposition questions.

Accordingly, DuBois respectfully requests that the Court include evidence, testimony, and argument relating to DuBois' mitigation defense or have the case proceed on the claims, theories, and defenses timely disclosed in this case.

Respectfully submitted,

DEVLIN LAW FIRM LLC


*/s/ James M. Lennon*
James M. Lennon (No. 4570)
Nadiia S. Loizides (No. 6176)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
nloizides@devlinlawfirm.com

Lucas T. Elliot *(pro hac vice)*
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
615.251.5565 (phone)
615.251.5551 (fax)
lelliot@fbtlaw.com

Alexander S. Czanik (*pro hac vice*)
FROST BROWN TODD LLP
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
513.651.6800 (phone)
513.651.6981 (fax)
aczanik@fbtlaw.com

*Attorneys for Defendant DuBois Chemicals, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) ) | |
| DUBOIS CHEMICALS, INC., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT
RELATING TO DUBOIS' UNTIMELY MITIGATION DEFENSE**

OF COUNSEL:
Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese Mayer
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
Merchant & Gould P.C.
800 South Gay Street
Suite 2150
Knoxville, TN 37929
(612) 332-5300
eharwood@merchantgould.com

Dated: October 5, 2023

Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

*Attorneys for Plaintiffs
Ecolab Inc. and Ecolab USA Inc.*

Permitting DuBois to pursue a defense about which Ecolab had no knowledge until after all deadlines for discovery and dispositive motions had passed would be unfairly prejudicial.

DuBois' argument that Ecolab should have anticipated DuBois' defense because Ecolab had a general duty to mitigate damages is a red herring. A plaintiff is not required to prepare to address every affirmative defense a defendant might raise—but fails to raise until the eve of trial.

DuBois' request regarding conforming the pleadings is a non-sequitur, as Ecolab specifically requests that DuBois not be permitted to present its purported evidence in support of this defense. Ecolab did not have the opportunity to fairly develop a rebuttal to it during fact or expert discovery—or to move for summary judgment. DuBois cites *Dyson v. Maytag*, 2009 U.S. Dist. LEXIS 55267 (D. Del. 2009), where the court denied motions *in limine* it determined were "'stealth' summary judgment motions." *Id.* at *4. But here, Ecolab could not have moved on mitigation earlier because the defense had not been asserted. It would make no sense to permit a party to avoid summary judgment on a defense with insufficient evidence by failing to identify the defense until after the deadline for summary judgment has passed.

Finally, DuBois' attempt to distract away from its failure to disclose by accusing Ecolab of asserting new arguments is not only irrelevant to the present motion, but also flatly contradicted by the record in this case. Ecolab pled DuBois' direct infringement in its original Complaint. (*See* D.I. 1 ¶¶ 25-30, 43-47, 60-65; *see also* D.I. 186 at 1-3.) Ecolab's breach of contract claim has never been limited to Section 3.2. (*See* D.I. 1 ¶¶ 13-14, 17-20, 77-80; *see also* D.I. 197 at 1-2.) And DuBois has long known that Ecolab accuses application using non-energized nozzles (including spray bottles) of infringement. (*See, e.g.*, Ex. 20 at 4 ("[S]praying . . . , including with a hand sprayer or spray bottle, is a violation of Ecolab's patent rights . . . ."); Ex. 3; Ex. 21.) The Court should ignore DuBois' attempt at distraction and grant Ecolab's motion.

2

Dated: October 5, 2023

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

OF COUNSEL:

Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese S. Mayer
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
eharwood@merchantgould.com

*Attorneys for Plaintiffs Ecolab Inc. and Ecolab USA Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, a true and correct copy of the foregoing document was caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
James M. Lennon
Nadiia S. Loizides
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806

**BY ELECTRONIC MAIL**
Alexander S. Czanik
Frost Brown Todd LLC
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202

Lucas T. Elliot
Frost Brown Todd LLC
The Pinnacle at Symphony Place
150 3rd Ave. S., Suite 1900
Nashville, TN 37201

*/s/ Tyler E. Cragg*
Tyler E. Cragg (#6398)
cragg@rlf.com