# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| ECOLAB INC. and ECOLAB USA INC., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 21-567-RGA |
| | ) | |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| DUBOIS CHEMICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### BRIEFING ON PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DUBOIS' UNDISCLOSED NON-INFRINGEMENT POSITIONS

**Plaintiffs' Motion *in Limine* to Exclude Evidence, Testimony, and Argument Relating to DuBois' Undisclosed Non-Infringement Positions**

**Defendant's Opposition to Plaintiffs' Motion *in Limine* to Exclude Evidence, Testimony, and Argument Relating to DuBois' Undisclosed Non-Infringement Positions**

**Plaintiffs Reply in Support of its Motion *in Limine* to Exclude Evidence, Testimony, and Argument Relating to DuBois' Undisclosed Non-Infringement Positions**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) | **PUBLIC VERSION** |
| DUBOIS CHEMICALS, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE,
TESTIMONY, AND ARGUMENT RELATING TO
DUBOIS' UNDISCLOSED NON-INFRINGEMENT POSITIONS**

OF COUNSEL:
Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese Mayer
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
Merchant & Gould P.C.
800 South Gay Street
Suite 2150
Knoxville, TN 37929
(612) 332-5300
eharwood@merchantgould.com

Dated: September 18, 2023

Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

*Attorneys for Plaintiffs
Ecolab Inc. and Ecolab USA Inc.*

In its motion for summary judgment, DuBois sought to include novel non-infringement positions that were not previously disclosed in response to Ecolab's initial claim charts, properly propounded discovery requests, or expert reports. Discovery is intended to narrow disputes and streamline the issues for trial. Ecolab should be able to rely upon DuBois' disclosures regarding what is and is not in dispute and hold it to the bounds of what was disclosed. The Court should preclude DuBois from attempting to present any untimely disclosed non-infringement position at trial because the delay is not justified or harmless.

## I.    FACTUAL BACKGROUND

On November 19, 2021, Ecolab served its Initial Claim Charts, showing how each element of the Asserted Claims was met. (*See* Ex. 3.) On November 10, 2022, Ecolab served Interrogatory No. 10, seeking "all facts and reasons supporting [DuBois'] contention that [it does] not infringe the Patents in Suit" including "a description of how and why any limitation is not met." (*See* Ex. 4.) On December 12, 2022, DuBois served its response to Interrogatory No. 10. That response, which has not been supplemented, did not identify any dispute related to product formulation or use of hand spray bottles as bases for non-infringement. (*See id.*)

On January 31, 2023, Ecolab served its expert's opening report, opining that DuBois' accused products satisfied all product formulation claim limitations (*i.e.*, its lubricant compositions contain less than about 500 ppm of triethanolamine salts of alkyl benzene sulfonic acid compounds and about 0.2 to about 8 wt.% of a water-miscible silicone material) and that spray bottle application meets the "non-energized nozzle" claim element. (*See* Ex. 5 at Exhibits D-F; *see also* Ex. 6 (affirming opinions).)  On March 7, 2023, DuBois served its expert's rebuttal report, which did not address, let alone rebut, these opinions. (*See* Ex. 7.)

1

In its motion for summary judgment, however, DuBois argued, for the first time, that (1) there is a dispute about whether the accused products meet the formulation limitations of the Asserted Claims (D.I. 172 at 18-19; D.I. 184 at 20); and (2) a hand spray bottle is not a "non-energized" nozzle, an argument DuBois sought to support with a new declaration from its expert (D.I. 172 at 14-16).

## II.   ARGUMENT

Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Courts routinely preclude parties from presenting evidence, positions, or expert testimony at trial that was not timely disclosed. *See Impax Labs., Inc. v. Actavis Labs. FL, Inc.*, 2018 WL 1863826, at *7 (D.N.J. Apr. 18, 2018); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713 (Fed. Cir. 2005) (affirming exclusion of expert opinion); *Rembrandt Vision Tech., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381-82 (Fed. Cir. 2013) (same); *Pharmacia Corp. v. Par Pham., Inc.*, 2004 WL 5614917, at *3 (D.N.J. Feb. 18, 2004); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, 2017 WL 2773944, at *2 (E.D. Tex. May 26, 2017) ("No expert will express opinions during direct examination that were not disclosed in their expert reports.").

### A.   DuBois' untimely disclosure is not substantially justified.

DuBois cannot show that its untimely disclosure of its novel non-infringement positions is substantially justified. There is no dispute Ecolab asked DuBois to disclose its non-infringement positions in Interrogatory No. 10 and DuBois did not disclose these newly raised arguments. Further, it is undisputed DuBois was fully aware of Ecolab's infringement positions prior to serving its expert's report, which did not address or rebut Ecolab's position that the formulation limitations were met and that spray bottle application infringes. (*See* Ex. 7; *see also* Ex. 8, 236:11-

2

20, 248:15-24 (confirming no opinions).) It is only now, on the eve of trial after discovery is closed, that DuBois claims it disputes the formulation limitations are met and proffers clearly untimely expert opinions that spray bottles have energized nozzles. But DuBois' time to disclose these positions has long since passed and DuBois has failed to provide any justification for its delay.

### B.    DuBois' untimely disclosure is not harmless.

Analysis of the *Pennypack* factors shows DuBois' failure to disclose is not harmless. *See TQ Delta, LLC v. Adtran, Inc.*, No. 14-954-RGA, 2020 WL 4529865, at *1 (D. Del. July 31, 2020). The first and fifth factors, prejudice or surprise to Ecolab and importance of the information withheld, weigh heavily in favor of exclusion, as Ecolab developed its case, including third-party discovery, based on DuBois' disclosures of its non-infringement positions. Had Ecolab had timely knowledge of the purported disputes it could, and would, have developed its evidence differently. With respect to the second and third factors, the only way to cure the prejudice would be reopening discovery, including third-party discovery, necessarily disrupting the current trial date. Finally, turning to the fourth factor, DuBois' non-disclosure of these non-infringement theories was at a minimum willful, as DuBois own expert testified that he was not opining that spray bottles are non-infringing, before going on to contradict himself by "offering" the previously undisclosed argument upon which DuBois now relies. (Ex. 8, 236:11-237:20.) This is a sophisticated and complex litigation, with the parties represented by competent counsel throughout its pendency. The Court should not indulge DuBois' eleventh-hour attempt to multiply the issues for trial. *See TQ Delta*, 2020 WL 4529865, at *2. DuBois' delay is not harmless and warrants exclusion.

### III.    CONCLUSION

For the foregoing reasons, Ecolab respectfully requests the Court preclude DuBois from raising non-infringement positions that were not timely disclosed and preclude DuBois' expert from offering opinions not disclosed in his report.

Dated: September 18, 2023

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

OF COUNSEL:

Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese S. Mayer
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
eharwood@merchantgould.com

*Attorneys for Plaintiffs Ecolab Inc.*
*and Ecolab USA Inc.*

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ECOLAB INC. and ECOLAB USA INC.,    )
                                    )
            Plaintiffs,             )    C.A. No: 1:21-CV-00567-RGA
                                    )
v.                                  )
                                    )
DUBOIS CHEMICALS, INC.,             )
                                    )
            Defendant.              )

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO
UNDISCLOSED NON-INFRINGEMENT POSITIONS**

Ecolab argues that the Court should preclude DuBois from attempting to present allegedly untimely disclosed non-infringement positions at trial.  Ecolab attempts to invoke Rule 37(c)(1) to bar DuBois from demonstrating that dry lubricant applications by spray bottle cannot infringe Ecolab's Asserted Claims.  However, it is Ecolab that failed to disclose spray bottles as a potentially infringing application in its infringement contentions.  Ecolab also attempts to bar DuBois from presenting evidence on whether a specific chemical compound is either not present in the Accused Products or, if present, only below a threshold amount.  Regarding this specific chemical compound, DuBois only intends to offer such evidence on cross-examination of Ecolab's expert, as done during his deposition, to show that Ecolab has failed to meet its evidentiary burden on this issue.  DuBois should not be precluded from doing so.

A.    **Spray Bottles Not Alleged to Infringe During Discovery**

As DuBois argued in its opening brief in support of its FRCP 12(c), Summary Judgment, and *Daubert* Motions ("DuBois' SJ", D.I. 172), Rule 37 should bar Ecolab's belated disclosure of its "spray bottle" theory of infringement.  Ecolab first alleged that "[a]utomated nozzles, *spray bottle nozzles*, and pin spray nozzles are all non-energized nozzles because they do not require pressure greater than 80 psi, compressed air, or sonication" <u>after</u> the close of fact discovery, through its expert disclosures.  (D.I. 177-1, Ex. D, Exhibits B-D.)  Spray bottles are never referenced in the Complaint (D.I. 1), Ecolab's infringement contentions (D.I. 196-2, Ex. WW), nor its claim construction submissions (D.I. 68-70).  The only arguable reference to the use of "spray bottles" in Ecolab's written discovery regarded an instance at ████████ in Ontario, *Canada*, made in Ecolab's response to DuBois' Interrogatory No. 7.  (D.I. 196-3, Ex. XX.)  Ecolab's answer to DuBois' Interrogatory No. 7 lumped together alleged contract violations with alleged infringement.  (*Id.*)  Notably, an activity in Canada cannot be a basis to infringe a U.S.

method claim, thus the reference to ██████████ Ontario could only relate to Ecolab's contract

claims.

In a continued attempt to shift Ecolab's burden to disclose its spray bottle theory of

infringement onto DuBois, Ecolab alleged in its Opposition Brief to DuBois' SJ that Ecolab issued

"a properly served interrogatory asking for this information." (D.I. 186 at 13, citing D.I. 188-16

at Ex. 71.) Ecolab again cites Interrogatory No. 10 in its motion *in limine* for alleged support.

However, Interrogatory No. 10 never requests this information, much less even references a "spray

bottle".

DuBois' Response to Interrogatory No. 10 did not affirmatively respond that spray bottles

do not infringe the Asserted Claims because Ecolab never alleged at any time during fact discovery

that application by spray bottles was a potentially infringing method. Instead, Ecolab's Initial

Claim Charts merely state "[e]ach of the Accused Products have been applied through non-

energized nozzles." This formulaic language is insufficient to allege that handheld trigger spray

bottles infringe. Moreover, Ecolab never updated these Initial Claim Charts during discovery to

allege that spray bottles infringe. DuBois could not identify any dispute related to the use of hand

spray bottles because Ecolab failed to put spray bottles in dispute.

This failure by Ecolab makes sense because a spray bottle is outside of what the parties

understood to be an application system. (D.I. 177-16, Ex. U.) As discussed in DuBois' Reply in

Support (D.I. 195 at 8-9), Ecolab fails to explain how a spray bottle involves feeding lubricant into

"an application system". (*See* agreed construction of "undilute" in D.I. 68 at 13.) In fact, Ecolab's

own declarant, during claim construction, explained the complexities of a conveyor lubrication

"application system," revealing it is far more complex than a portable manually actuated spray

bottle. (D.I. 179-6, Ex. Z, ¶19.) Notably, two of the three asserted patents require lubricant

spraying/application to be through a plurality of nozzles, not a singular nozzle as found on a spray bottle.

###    B.    No Material Testing Performed Regarding TEA ABSA

DuBois does not intend to offer opinion testimony from its own expert on whether the Accused Products meet the claim limitation of claim 1 of the '381 Patent of less than 500 ppm of triethanolamine salts of alkyl benzene sulfonic acid ("TEA ABSA") compounds (D.I. 179-2, Ex. B, '381 Patent, claim 1, 20:12-20.).  Rather, DuBois intends to cross-examine Ecolab's expert to demonstrate that Ecolab fails to meet its burden because Ecolab neither performed nor reviewed any chemical testing, whatsoever, to assess the presence or absence of TEA ABSA compounds. Given the '381 Patent's recognition that TEA ABSA is a well-known emulsifier (D.I. 179-2, Ex. B, at 6:6) whose presence is so common that the '381 claims were allowed by arguing its *assumed presence* in the prior art (D.I. 42-2, at ECO0002464), and even where its absence may still lead to 4% PET stress cracking (D.I. 179-2, Ex. B, at 17:60), Ecolab may not establish this limitation without testing.  Despite TEA ABSA being commonly found in emulsifiers, Ecolab relies only on speculation from Dr. Rothstein, who performed no chemical testing and found no data to support his assumption regarding the absence of TEA ABSA. (D.I. 177-2, Ex. E, Rothstein Dep. at 157:15-158:6; 169:15-17.)

For the foregoing reasons, DuBois respectfully requests the Court deny Ecolab's motion in *limine* to preclude DuBois from presenting allegedly untimely disclosed non-infringement positions at trial.

3

Respectfully submitted,

DEVLIN LAW FIRM LLC


*/s/ James M. Lennon*
James M. Lennon (No. 4570)
Nadiia S. Loizides (No. 6176)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
nloizides@devlinlawfirm.com

Lucas T. Elliot *(pro hac vice)*
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
615.251.5565 (phone)
615.251.5551 (fax)
lelliot@fbtlaw.com

Alexander S. Czanik (*pro hac vice*)
FROST BROWN TODD LLP
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
513.651.6800 (phone)
513.651.6981 (fax)
aczanik@fbtlaw.com

*Attorneys for Defendant DuBois Chemicals, Inc.*

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) | |
| DUBOIS CHEMICALS, INC., | ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DUBOIS' UNDISCLOSED NON-INFRINGEMENT POSITIONS

OF COUNSEL:
Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese Mayer
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
Merchant & Gould P.C.
800 South Gay Street
Suite 2150
Knoxville, TN 37929
(612) 332-5300
eharwood@merchantgould.com

Dated: October 5, 2023

Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

*Attorneys for Plaintiffs*
*Ecolab Inc. and Ecolab USA Inc.*

DuBois did not timely disclose its non-infringement positions relating to spray bottles and TEA ABSA. DuBois does not justify this failure, nor does it rebut Ecolab's showing of harm.

DuBois' suggestion it did not know that Ecolab accuses spray bottles of infringing claims involving application through "non-energized nozzles" is incorrect. The Asserted Patents disclose spray bottle application. (Ex. 22 at 10:55-57.) Ecolab expressly informed DuBois that spray bottle application infringes in 2020. (Ex. 20 at 4 ("[S]praying . . . , including with a hand sprayer or spray bottle, is a violation of Ecolab's patent rights . . . .").) And Ecolab's expert report explicitly addressed infringement by hand sprays. (Ex. 23, ¶ 58.) DuBois' expert chose not to address hand sprays in his rebuttal report, prejudicing Ecolab's ability to challenge his late-disclosed theory.

DuBois' late argument about TEA ABSA is also troubling, and particularly so in view of the admission by its predecessor—ICC—that Dry Trac contains "0 ppm of triethanolamine salts of alkyl benzene sulfonic acid compounds, which is less than 500 ppm." (Ex. 24 at 8.) Indeed, DuBois' own expert in this case testified that he has no reason to believe TEA ABSA is present in the Accused Products. (Ex. 8 at 248:8-24; Ex. 25 at 256:6-9.) DuBois offers no explanation for its failure to identify this as a disputed claim element in response to Ecolab's properly propounded contention interrogatory seeking all non-infringement positions. *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. 15-819-LPS-CJB, 2017 WL 11558096, at *7 (D. Del. Dec. 11, 2017) (explaining purpose of contention interrogatories is "to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position."). It was reasonable for Ecolab to avoid the expense of conducting analytical testing or taking third party discovery on the issue in the absence of an identified dispute.

Ecolab's motion should be granted to prevent Ecolab from being prejudiced by DuBois' unexplained late disclosure and to avoid unnecessary distraction at trial.

1

Dated: October 5, 2023

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

OF COUNSEL:

Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese S. Mayer
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
eharwood@merchantgould.com

*Attorneys for Plaintiffs Ecolab Inc.*
*and Ecolab USA Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, a true and correct copy of the foregoing document

was caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
James M. Lennon
Nadiia S. Loizides
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806

**BY ELECTRONIC MAIL**
Alexander S. Czanik
Frost Brown Todd LLC
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202

Lucas T. Elliot
Frost Brown Todd LLC
The Pinnacle at Symphony Place
150 3rd Ave. S., Suite 1900
Nashville, TN 37201

*/s/ Tyler E. Cragg*
Tyler E. Cragg (#6398)
cragg@rlf.com

3