# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) ) | **PUBLIC VERSION** |
| DUBOIS CHEMICALS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## BRIEFING ON PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANT'S USE OF COMPLIANCE DOCUMENTS

**Plaintiffs' Motion *in Limine* to Preclude Defendant's Use of Compliance Documents**

**Defendant's Opposition to Plaintiffs' Motion *in Limine* to Preclude Defendant's Use of Compliance Documents**

**Plaintiffs Reply in Support of its Motion *in Limine* to Preclude Defendant's Use of Compliance Documents**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) | **PUBLIC VERSION** |
| DUBOIS CHEMICALS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE
DEFENDANT'S USE OF COMPLIANCE DOCUMENTS**

OF COUNSEL:
Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese Mayer
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
Merchant & Gould P.C.
800 South Gay Street
Suite 2150
Knoxville, TN 37929
(612) 332-5300
eharwood@merchantgould.com

Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

*Attorneys for Plaintiffs
Ecolab Inc. and Ecolab USA Inc.*

Dated: September 18, 2023

Plaintiffs (collectively, "Ecolab") move this Court to preclude Defendant ("DuBois") from introducing any evidence, testimony, or argument that DuBois complied with the terms of the parties' Settlement Agreement (D.I. 1-1, Ex. A) based on hearsay contained in its litigation-driven "compliance" spreadsheet and unauthenticated service reports.[1] (*E.g.*, Exs. 9-11.)

**I.      ARGUMENT**

DuBois intends to put self-serving, out-of-court statements of its personnel contained in its "compliance" spreadsheet and service reports before the jury to prove it complied with the Settlement Agreement. These documents are classic hearsay. *See* Fed. R. Evid. 801(a), (c). Such statements are inadmissible unless an exception applies. *See* Fed. R. Evid. 802. Because no exception applies to DuBois' intended use, including the business records exception of Rule 803(6), DuBois' efforts to use these documents should be rejected.

   **A.  DuBois' use of its "compliance" spreadsheet should be precluded.**

The compliance spreadsheet is not an admissible business record under Rule 803(6). Compliance spreadsheet entries were not made at or near the time of purported visits. *See In re Processed Egg Prods. Antitrust Litig.*, MDL No. 08-md-2002, 2018 U.S. Dist. LEXIS 59633, at *5-6 (E.D. Pa. Apr. 6, 2018) (excluding records created hours after event). DuBois personnel admit that they prepared entries for the spreadsheet *days, weeks, and sometimes months* after the visits to which the entries purportedly pertain. (*E.g.*, Ex. 12, 72:12-73:6, 75:8-15; *see also* Ex. 14, 91:7-13.) DuBois' failure to make contemporaneous reports is also evident on the face of its compliance spreadsheet. (*Compare* Ex. 11, July Data, col. B, *with id.*, col. M (showing average delay of over 31 days); *see also id.*, row 88 (entry over 200 days after visit).)

---

[1] These documents are admissible for a limited purpose under Rule 105 for use by Ecolab, including as statements of an opposing party under Rule 801(d)(2).

1

Entries to the compliance spreadsheet were not a regular practice. *See Zenith Radio Corp. v. Matsushita Elec. Indus.*, 505 F. Supp. 1190, 1233 (E.D. Pa. 1980). Personnel did not make compliance entries on a routine basis but only when specifically prompted by superiors. (*E.g.*, Ex. 13, 120:13-122:10.) Even when prompted, DuBois' personnel often failed to make entries and such failures were met without repercussion. (*E.g.*, Ex. 16, 120:3-122:16; Ex. 17, 88:22-89:3.)

Other evidence of the "compliance" spreadsheet's lack of trustworthiness abounds. DuBois' personnel reported on several plants' compliance status <u>before</u> the referenced visits even occurred. (*E.g.*, Ex. 11, July Data, row 219, col. M.) One DuBois representative admitted he entered information based solely on what he was told by others. (Ex. 18, 117:21-118:7.) And DuBois' leadership did nothing to verify the spreadsheet's accuracy. (Ex. 15, 134:3-12, 135:3-11.) Fed. R. Evid. 803(6) advisory committee's note (noting importance of systematic checking in establishing reliability of business records).

The reasons for DuBois' failure to regularly and precisely make these records is understandable—this spreadsheet served no business purpose for DuBois. (Ex. 15, 136:10-24.) Instead, DuBois' compliance obligations strained its relationships with customers, putting its business "at risk." (Ex. 13, 150:8-19.) DuBois' only motivation to make these records was to manufacture evidence suggesting compliance with the Settlement Agreement in anticipation of litigation. (Ex. 15, 134:3-135:2.) Longstanding precedent dictates that one who prepares a document in anticipation of litigation is not acting in the regular course of business. *United States v. Casoni*, 950 F.2d 893, 911 n.10 (3d Cir. 1991) (citing *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943)); *see also AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 798 (E.D. Pa. 2008).

**B. Service reports DuBois seeks to admit do not qualify as business records.**

The service reports on DuBois' exhibit list are, likewise, not admissible business records under Rule 803(6). DuBois' personnel neither conducted plant visits each month, nor prepared

service reports for each plant visit. (*E.g.*, Ex. 16, 87:6-88:22; Ex. 12, 146:15-147:4.) When service reports were prepared, it was haphazardly and in haste (Ex. 17, 125:2-133:14, 137:3-11), not "pursuant to a systematic and routine procedure for the conduct of business . . . characterized by careful checking and habits of precision and regularity." *Zenith Radio*, 505 F. Supp. at 1233. Given its admitted lack of a standardized record-keeping or -making process (Ex. 14, 28:19-25; Ex. 12, 147:13-21), DuBois cannot establish the foundation for admission of service reports, particularly those prepared by individuals not testifying at trial. (*E.g.*, Ex. 10.) *See* Fed. R. Evid. 803(6)(D).

DuBois' personnel have admitted their service reports incorporate self-serving falsehoods and are contradictory. (*E.g.*, Ex. 17, 123:8-127:7, 134:14-140:7.) Moreover, suspiciously omitted from DuBois' production of service reports, as well as its spreadsheet, is information pertaining to instances of non-compliance documented independently by Ecolab. (*Compare* D.I. 192 (documenting non-compliance at ▇▇▇▇▇▇▇▇ plant on February 10, 2022), *and* Ex. 19 (ordering DuBois' dry lubricant for same plant in advance of February 9, 2022 visit), *with* Exs. 10 (no indication of non-compliance in service report of visit), 11 (no spreadsheet entry for visit).)

Further, DuBois' self-serving statements of compliance in service reports are, like those in its spreadsheet, exclusively the product of its dispute and resulting Settlement Agreement with Ecolab. Thus, any business interest in preparing accurate service reports as a general matter does not extend to statements purporting to document compliance, inaccuracies with respect to which would advantage DuBois in anticipated litigation with Ecolab. *See* 4 Fed. Evid. § 8:83 (4th ed.).

## II. CONCLUSION

For the reasons discussed, Plaintiffs ask the Court to preclude DuBois from offering into evidence, proffering testimony, or making arguments related to its "compliance" spreadsheet and service reports in an effort to prove its compliance with the Settlement Agreement.

Dated: September 18, 2023

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

OF COUNSEL:

Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese S. Mayer
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
eharwood@merchantgould.com

*Attorneys for Plaintiffs Ecolab Inc.
and Ecolab USA Inc.*

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECOLAB INC. and ECOLAB USA INC., )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>DUBOIS CHEMICALS, INC., )<br> )<br>Defendant. ) | C.A. No: 1:21-CV-00567-RGA |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANT'S USE OF COMPLIANCE DOCUMENTS

Pursuant to the Court's August 27, 2021 Scheduling Order (D.I. 14 at ¶14), Defendant DuBois Chemicals, Inc. ("DuBois") submits the following opposition to Plaintiffs', Ecolab Inc. and Ecolab USA Inc. (collectively "Ecolab"), motion *in limine* to exclude DuBois' use of compliance documents at trial. By serving this opposition, DuBois does not waive other arguments and challenges that it may choose to raise later.

Ecolab wrongly attempts to preclude DuBois from introducing any evidence, testimony, or argument that DuBois complied with the terms of the parties' Settlement Agreement based on (1) routine customer service reports and (2) a compliance spreadsheet maintained and updated as a requirement of the parties' Settlement Agreement, which Ecolab attempts to collectively lump together as "Compliance Documents". Ecolab wants to cherry-pick certain reports and spreadsheet entries, while excluding the majority of the reports and entries, so that Ecolab may present only documentation of non-compliance while excluding all evidence of compliance. Ecolab cannot have it both ways.

### A.     Customer Service Reports Are Timely and Trustworthy Business Records

Ecolab wrongly argues DuBois' customer service reports do not satisfy the business records exception to the hearsay rule because they are untimely or inaccurate. Ecolab offers narrow selections of testimony to show a few instances of irregular site visits. Setting aside that Ecolab cites certain months in 2020, during the peak of COVID, to fault DuBois for not making visits every month, this is a red herring. The question is not whether the visits themselves were a regular activity—they clearly are—but whether the reports from those visits are a regular activity of DuBois. They certainly are. Ecolab attempts to paint a few occasions when a service report could not be found, was inaccurate, or was untimely made as proof that DuBois' entire practice of preparing and sending reports to customers after these visits was inconsistent, haphazard, or self-serving. Mr. Rob Justus, DuBois' Chief Commercial Officer, attests to the contrary. DuBois' sales representatives routinely visit customers and routinely prepare customer service reports on the day of—or within a few days after—those customer visits. (Ex. A, Justus Declaration). The information contained in a customer service report is typically compiled from contemporaneously captured pictures and/or notes taken by the DuBois sales representative during the site visit. (Ex.

1

A, Justus Declaration). DuBois is incentivized to ensure the accuracy and truthfulness of the customer service reports because these reports are provided to the customer. (Ex. A, Justus Declaration). Ecolab's few examples to the contrary pale in comparison to the hundreds of service reports sent to customers over the last three years for which Ecolab finds no fault. Moreover, the fact that Ecolab intends to rely on at least some of the customer service reports is an indication of their truthfulness. It is farcical to suggest that every customer service report is untrustworthy except for those reports on which Ecolab intends to rely.

### B.     The Compliance Spreadsheet Is a Timely and Trustworthy Business Record

Ecolab also wrongly argues that the DuBois compliance spreadsheet does not satisfy the business records exception to the hearsay rule. Again, Ecolab offers narrow selections of testimony for limited examples of untimely or inaccurate data entry into the spreadsheet. But these fail to reflect the overall nature of this record. As Mr. Justus attests, original information entered in the compliance spreadsheet was recorded at or near the time of the customer site visit and is typically transferred by the sales representative into the spreadsheet from information in that sale representative's service reports and/or contemporaneous notes taken during or shortly after the site visit. (Ex. A, Justus Declaration). Narratives subsequently prepared from notes taken during a site visit are admissible under Fed. R. Evid. 803(6). *See UNITED STATES v. TALBERT*, 595 F.2d 1226, 1226 (6th Cir. 1979); *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990) ("Because the medical records from which the insurance company records were made were themselves business records, there was no accumulation of inadmissible hearsay").

DuBois is incentivized to ensure the accuracy and truthfulness of the compliance spreadsheet because DuBois is aware that Ecolab sale representatives visit many, if not most, of the same customers visited by DuBois, either for ongoing Ecolab business or to generate new Ecolab business. (Ex. A, Justus Declaration). Each of the over 1,400 entries to the compliance

spreadsheet reflects an observation made by a DuBois sale representative during a customer site visit and is prepared from the information that sales representative included in the customer service report for that site visit.  DuBois routinely provides Ecolab with an updated copy of the compliance spreadsheet, further incentivizing DuBois to ensure the accuracy of the spreadsheet. (Ex. A, Justus Declaration).

DuBois maintains the compliance spreadsheet to ensure compliance with Section 2.3 of the Settlement Agreement and to avoid litigation with Ecolab.  (Ex. A, Justus Declaration; D.I. 1-1, Ex. A).  Thus, it is ironic that Ecolab alleges the compliance spreadsheet is prepared in anticipation of litigation.  Business records are not "in anticipation of litigation" merely because the record may relate to a matter over which litigation could be anticipated.  *See, e.g., Muzzleman v. Nat'l Rail Passenger Corp.*, 839 F. Supp. 1094, 1099 (D. Del. 1993) (where the requirements of Rule 803(6) are satisfied, reporting on an accident over which litigation could be anticipated would be admissible); *see also, Falco v. Alpha Affiliates, Inc.*, Civil Action No. 97-494 MMS, 2000 U.S. Dist. LEXIS 7480, at *47 (D. Del. Feb. 9, 2000) (refusing to exclude invoices alleged to be "based on work ordered . . . in anticipation of litigation.")  Moreover, Section 2.3 of the Settlement Agreement itself requires the information in the compliance spreadsheet to be collected "***during the normal course of business operations***," at which time DuBois inspects application equipment while on a customer site visit to ensure compliance and to "maintain documentation of these visits and of customer adherence to the Guidance."  (Ex. A, Justus Declaration).

Finally, as with the service reports, the fact that Ecolab intends to rely on at least some of the entries in the spreadsheet is a further indication of the spreadsheet's truthfulness.  Ecolab should not be permitted to selectively introduce only its preferred entries from this record while excluding the many entries to the contrary.

3

Dated:  September 28, 2023

Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ James M. Lennon*
James M. Lennon (No. 4570)
Nadiia S. Loizides (No. 6176)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
nloizides@devlinlawfirm.com

Lucas T. Elliot *(pro hac vice)*
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
615.251.5565 (phone)
615.251.5551 (fax)
lelliot@fbtlaw.com

Alexander S. Czanik (*pro hac vice*)
FROST BROWN TODD LLP
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
513.651.6800 (phone)
513.651.6981 (fax)
aczanik@fbtlaw.com

*Attorneys for Defendant DuBois Chemicals, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 21-567-RGA |
| v. | ) ) | **PUBLIC VERSION** |
| DUBOIS CHEMICALS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE DEFENDANT'S USE OF COMPLIANCE DOCUMENTS**

OF COUNSEL:
Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese Mayer
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
Merchant & Gould P.C.
800 South Gay Street
Suite 2150
Knoxville, TN 37929
(612) 332-5300
eharwood@merchantgould.com

Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Plaintiffs*
*Ecolab Inc. and Ecolab USA Inc.*

Dated: October 5, 2023

Under the Rules of Evidence, Ecolab is entitled to offer against DuBois statements made by its personnel and adopted by it—such statements are not hearsay. FRE 801(d)(2). DuBois, on the other hand, cannot use the self-serving statements made by its personnel—that is hearsay. FRE 801(c), 802. The business records exception, FRE 803(6), which is the lone exception argued by DuBois, requires a standardized system for accurate record making that cannot be reconciled with the irregularities in DuBois' spreadsheet and service reports. DuBois' failure was not limited to certain personnel, customers, or visits. It was pervasive, evidencing DuBois' lack of any system with checks to ensure accurate records were created and verified. On this, Mr. Justus' declaration is contradicted by DuBois personnel, who are the declarants of the hearsay at issue, and his own testimony. (*Compare* Justus Decl. ¶¶ 11-12, 14, 19, *with* Ex. 14, 28:18-25, Ex. 12, 146:15-148:5.)

Despite testifying to the contrary (Ex. 14, 91:16-25), Mr. Justus now declares he has knowledge of a collection of documents prepared contemporaneously with plant visits. (Justus Decl. ¶¶ 13, 18, 21.) If true, such documents have been improperly withheld (a discovery violation) or destroyed (spoliation). Testimony from DuBois personnel is such documents do not exist. (Ex. 12, 72:19-73:6 (using only "memory" to make entries); Ex. 26, 89:4-90:3.) Failure to make contemporaneous entries is also apparent from the spreadsheet itself. (Opening Br. at 1.) The case law cited by DuBois (Opposition at 2) is inapposite.

That DuBois' generally unreliable records include admissions against its interest does not mean that other, self-serving hearsay statements are trustworthy. Nor does DuBois' argument that its business purpose in creating its spreadsheet was to "avoid litigation" mean that a motive to create accurate records overrode the motive to record favorable inaccuracies. To the contrary, DuBois' knowledge that its spreadsheet would be disclosed to Ecolab gave it every reason to fabricate records of compliance, regardless of accuracy, to avoid Ecolab's suspicion.

2

Dated: October 5, 2023

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
cragg@rlf.com

OF COUNSEL:

Rachel Zimmerman Scobie
Eric R. Chad
Elisabeth Muirhead
Anneliese S. Mayer
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
(612) 332-5300
rscobie@merchantgould.com
echad@merchantgould.com
emuirhead@merchantgould.com
amayer@merchantgould.com

Elizabeth Harwood
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
eharwood@merchantgould.com

*Attorneys for Plaintiffs Ecolab Inc. and Ecolab USA Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, a true and correct copy of the foregoing document was caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
James M. Lennon
Nadiia S. Loizides
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806

**BY ELECTRONIC MAIL**
Alexander S. Czanik
Frost Brown Todd LLC
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202

Lucas T. Elliot
Frost Brown Todd LLC
The Pinnacle at Symphony Place
150 3rd Ave. S., Suite 1900
Nashville, TN 37201

*/s/ Tyler E. Cragg*
Tyler E. Cragg (#6398)
cragg@rlf.com

3