IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ECOLAB, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 21-567-RGA |
| | : | |
| DUBOIS CHEMICALS, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

At the pretrial conference, I considered a motion in limine (D.I. 229) concerning the admissibility of two categories of "business records."

One category is "service reports." The other is a single document referred to as the "compliance spreadsheet." Numerous samples of the former can be found at D.I. 230-1, Exhs. 9 & 10 (pp. 170-307 of 420). The compliance spreadsheet can be found in native format at D.I. 243; a redacted copy can be found at D.I. 214-20. There is also a declaration from Rob Justus, Defendant's Chief Commercial Officer. (D.I. 230-1, Tab 4 Exh. A (pp. 373-376 of 420)).

The relevant rule of evidence is Rule 803(6). A document is not excluded as hearsay when it meets the following requirements:

**(6) *Records of a Regularly Conducted Activity.*** A record of an act, event, condition, opinion, or diagnosis if:

   **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
   **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
   **(C)** making the record was a regular practice of that activity;

1

  **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
  **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

  The service reports are made by Defendant's sales representatives after site visits to customers, and, among other things, document when they were there, what they did, what supplies the customer has, what supplies they need, etc. They are sent to the customers post-visit. Defendant has made these reports as a part of its business since before it had any litigation with Plaintiffs. Defendant's main attack on these records is that they are not completely accurate and that they are not always made. (D.I. 229 at 2-3). But complete accuracy is not required. *See United States v. Console*, 13 F.3d 641, 657 (3d Cir. 1993). I do not think there is any question that they are business records within the meaning of Rule 806, and I believe I so indicated at the pretrial conference. That does not mean that every single thing that appears in one of them is admissible, however, and I directed the parties to meet and confer to try to scrub them of, for example, the bolded "NOTE" that appears at D.I. 230-1 at 290 of 420.

  The compliance report is less certain. The earliest entries appear to be on June 29, 2020. (D.I. 214-20, entries 4-12). These nine entries cover site visits from June 9 to 29, 2020. I randomly picked a date in the middle—April 26, 2021. The entries for that date cover site visits from March 23 to April 26, 2021. (*Id.*, entries 470-489). The last six entries are on November 7, 2022. (*Id.*, entries 1171-1176). Those six cover site visits from October 24 to November 7, 2022.

  Mr. Justus says, "[E]ntries are prepared from the information that sales representative included in the customer service report and/or notes for that customer site visit. . . . Original information entered in the compliance spreadsheet was recorded at or near the time of the

customer site visit and is typically transferred by the sales representative into the spreadsheet from information in that sale representative's service reports and/or contemporaneous notes taken during or shortly after the site visit." (D.I. 230-1, Tab 4 Exh. A, ¶¶ 18, 21).  In other words, according to Mr. Justus, the compliance document is made partly from the service reports (which are business records) and partly from "contemporaneous notes." The "contemporaneous notes" do not appear to be business records.  My impression is that they have not been maintained and have not been produced in this litigation.

I am unpersuaded that the compliance document meets the requirement that its entries be prepared "at or near the time" of the events which the entries purport to document.  I note *In re Processed Egg Products Antitrust Litigation*, 2018 WL 1725802, at *2 (E.D. Pa. Apr. 9, 2018), where the Court held that documents recounting meetings held days before were not "near-contemporaneous" as required by the business records exception.  On the other hand, I also note *Console*, 13 F.3d at 657, which held that entries made at the end of the day were timely in regard to earlier events in the day and that it was not an abuse of discretion to admit the records although they were "not completely accurate."

It is possible that live testimony from Mr. Justus and the sales representatives who will be testifying at trial could persuade me to change my mind on the compliance document.[1] And, as I noted at the pretrial conference, there may be other theories as to admissibility supporting admission for non-hearsay purposes.

---

[1] I am satisfied that the compliance document was kept in the regular course of business and that it was a regular practice to keep it.

Thus, the motion in limine (D.I. 229) is DENIED as to the service reports and GRANTED without prejudice to reconsideration as to the compliance document.

IT IS SO ORDERED this 18th day of October 2023.

/s/ Richard G. Andrews
United States District Judge