**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ECOLAB INC. and ECOLAB USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> DUBOIS CHEMICALS, INC., <br><br> Defendant. | C.A. No. 1:21-cv-00567-RGA |

**DEFENDANT DUBOIS CHEMICALS, INC.'S RESPONSE TO
PLAINTIFFS' LETTER (D.I. 271) PER ORDER (D.I. 272)**

Dated: October 26, 2023

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
Timothy Devlin (No. 4241)
Nadiia S. Loizides (No. 6176)
Peter Akawie Mazur (No. 6732)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 440-9010
jlennon@devlinlawfirm.com
tdevlin@devlinlawfirm.com
nloizides@devlinlawfirm.com
pmazur@devlinlawfirm.com

OF COUNSEL:

Lucas T. Elliot (*pro hac vice*)
FROST BROWN TODD LLC
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Tel: (615) 251-5565
lelliot@fbtlaw.com

Alexander S. Czanik (*pro hac vice*)
FROST BROWN TODD LLC
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
(513) 651-6800
aczanik@fbtlaw.com

*Attorneys for Defendant
DuBois Chemicals, Inc.*

Pursuant to the Court's Oral Order (D.I. 272), Defendant DuBois Chemicals, Inc. ("DuBois") files this response to Plaintiffs Ecolab Inc. and Ecolab USA, Inc.'s ("Ecolab") October 25, 2023 letter (D.I. 271) seeking reconsideration or reargument of the Court's October 25, 2023 Memorandum Opinion (D.I. 265), which Ecolab has couched as a request for "clarification."[1]

The Court's opinion is clear and Ecolab's attempted do-over, whether styled as a motion for reconsideration, reargument, or clarification, is unwarranted. Courts routinely reject the bait-and-switch Ecolab is now attempting, and instead hold such "clarification" motions to the standard governing motions for reconsideration.[2] *See In re W.R. Grace & Co.*, 398 B.R. 368, 371-72 (D. Del. 2008) (quoting *Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 527 (D. Del. 2005) ("Given a court's interest in the finality of its judgments, '[m]otions for … reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.'")). Similarly, in *TQ Delta*, while denying a defendant's motion for clarification and reconsideration of the Court's memorandum opinion, this Court stated that "'[a]lthough a district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order,' **the movant must show that the court has a duty to do so**." *TQ Delta, LLC v. Adtran, Inc.*, 2019 WL 9406455, *1 (D. Del. 2019) (Andrews, J.) (quoting *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019) (emphasis added).

Ecolab cannot meet the demanding standards applied to either a motion for clarification or a motion for reconsideration. In considering DuBois' *Daubert* motion to exclude Ms. McCloskey's patent infringement damages opinions, the Court clearly stated that it considered Ms.

---

[1] D. Del. LR 7.1.5 allows for Motions for Reargument, which "shall be sparingly granted."

[2] *See, e.g.*, *Bates v. Dura Auto Sys., Inc.*, 08-0029, 2009 WL 2356546, at *1 (M.D. Tenn. July 29, 2009; *Brasfield v. Source Broadband Servs., LLC*, No. 2:08-cv-02092-JPM-cgc, 2010 WL 11600986, at *1 (W.D. Tenn. Nov. 8, 2010); *Exide Techs. v. Kmart Corp.*, No. 07-CV-11269-DT, 2008 WL 2705077, at *1 (E.D. Mich. July 9, 2008).

McCloskey's three alternative patent damages calculations. *See* D.I. 265 at 25 ("Ms. McCloskey calculated three alternative royalty bases for her patent infringement damages.")  After conducting its analysis, the Court properly concluded that "[b]ecause Ms. McCloskey used all of DuBois' sales of the Accused Products in her royalty base, I exclude *all* her patent damages opinions." *Id*. at 26 (emphasis added).  There is no equivocation in the Court's clear ruling.  All three of Ms. McCloskey's alternative opinions rely on this flawed methodology, including Ms. McCloskey's Alternative Opinion No. 3.

Ecolab now seeks to repackage a *portion* of Alternative Opinion No. 3 as a brand-new Alternative Opinion No. 4.[3]  In doing so, Ecolab ignores a highly relevant portion of Alternative Opinion No. 3 ("all of DuBois' sales of Accused Products from April 23, 2015 through March 23, 2020").  Unfortunately for Ecolab, its purported new Alternative Opinion No. 4 and Exhibit 4-A are still infected with the same fatally flawed issues already addressed by the Court, and Ms. McCloskey does not and cannot cure those flaws.

Ms. McCloskey's Exhibit 4-A still erroneously includes sales tied to admittedly non-infringing applications of the Accused Products.  First, she does not distinguish between infringing and non-infringing uses – instead, she merely uses the dates of documented infringements as starting and ending points for the inclusion of *all sales made to a particular customer* without adjustment, thereby grossly overstating her royalty base.  Second, she includes sales for months with no observed alleged infringement, thereby again grossly overstating her royalty base.  Third, she has made no effort to address the actual volume of allegedly infringing use of the Accused

---

[3] Before its October 25, 2023 letter, Ecolab had never proffered Ms. McCloskey's new Alternative Opinion No. 4 as a stand-alone opinion.  In fact, as late as September 12, 2023, Ms. McCloskey issued her Second Supplement to Expert Report (Ex. 1 to Ecolab's Letter, D.I. 271) in which she continued to offer only the three alternative patent damages opinions addressed by the Court, including Alternative Opinion No. 3.

Product.  Many of the plants at issue have numerous conveyor lines with dozens, or even hundreds, of brush stations and Ms. McCloskey captures the sales for the *entire plant* without even identifying, let alone allocating, sales applied through an allegedly infringing nozzle versus all of the non-infringing uses, thereby again grossly overstating her royalty base.

DuBois timely moved to exclude Ms. McCloskey's patent damages calculations, including Alternative Opinion No. 3, arguing that Ms. McCloskey grossly overstated the royalty base in each of the three alternative opinions for patent infringement damages, rendering all three flawed and unreliable.  (D.I. 172 at 23-25.)  In response, Ecolab acknowledged that DuBois challenged Ms. McCloskey's Alternative Opinion No. 3, (D.I. 186 at 26), but Ecolab failed to respond to DuBois' motion to exclude Alternative Opinion No. 3; instead, only addressing another one of Ms. McCloskey's alternative opinions ("[a]ddressing Ms. McCloskey's first model, in which all of DuBois' sales are included in the royalty base . . .").  (*Id*.)  Ecolab was on notice of DuBois' motion to exclude Ms. McCloskey's Alternative Opinion No. 3 and Ecolab chose not to respond to DuBois' argument.  Therefore, in addition to the reasons stated above, Ecolab's request should also be denied because Ecolab has waived any challenge to DuBois' motion to exclude that opinion or any portion thereof, or the Court's order granting DuBois' motion.

Accordingly, DuBois respectfully requests that the Court deny Ecolab's "request for clarification" and affirm its clear ruling excluding all of Ms. McCloskey's patent damages opinions.

|  |  |
|---|---|
| Dated: October 26, 2023 | Respectfully submitted,<br><br>DEVLIN LAW FIRM LLC<br><br>/s/   *James M. Lennon*<br><br>James M. Lennon (No. 4570)<br>Timothy Devlin (No. 4241)<br>Nadiia S. Loizides (No. 6176)<br>Peter Akawie Mazur (No. 6732)<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>(302) 440-9010<br>jlennon@devlinlawfirm.com<br>tdevlin@devlinlawfirm.com<br>nloizides@devlinlawfirm.com<br>pmazur@devlinlawfirm.com<br><br>Lucas T. Elliot *(pro hac vice)*<br>FROST BROWN TODD LLP<br>150 3rd Avenue South, Suite 1900<br>Nashville, TN 37201<br>615.251.5565 (phone)<br>615.251.5551 (fax)<br>lelliot@fbtlaw.com<br><br>Alexander S. Czanik (*pro hac vice*)<br>FROST BROWN TODD LLP<br>301 East Fourth Street, Suite 3300<br>Cincinnati, OH 45202<br>513.651.6800 (phone)<br>513.651.6981 (fax)<br>aczanik@fbtlaw.com<br><br>*Attorneys for Defendant DuBois Chemicals, Inc.* |